1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

GIDEON THOMAS BEWLEY,

                    Defendant.

NO. CR19-009RSL

**DISCOVERY PROTECTIVE ORDER**

This matter, having come to the Court's attention on the Stipulation for Entry of a

Discovery Protective Order submitted by the United States of America and Defendant

GIDEON THOMAS BEWLEY, and the Court, having considered the motion, and being

fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1.      Protected Material

The following are deemed Protected Material: (1) recordings of interviews by law

enforcement and forensic interviewers of Jane Doe, as well as other alleged victims of

Defendant; and (2) any medical records of Jane Doe and other alleged victims of Defendant

not yet in the possession of defense counsel.  The United States will make available copies of

the Protected Material, including those filed under seal, to defense counsel to comply with

the government's discovery obligations.  Possession of copies of the Protected Material is

limited to the attorneys of record, and investigators, paralegals, law clerks, experts, and

DISCOVERY PROTECTIVE ORDER - 1
U.S. v. GIDEON THOMAS BEWLEY; CR19-009RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1  assistants for the attorneys of record (hereinafter collectively referred to as members of the

2  defense team).

3       2.    Scope of Review of Protected Material

4       Defense attorneys of record and members of the defense team may display and review

5  the Protected Material with the Defendant.  The attorneys of record and members of the

6  defense team acknowledge that providing copies of the Protected Material to the Defendant

7  and other persons is prohibited, and agree not to duplicate or provide copies of Protected

8  Material to the Defendant and other persons.  Notwithstanding the terms of this Order,

9  defense counsel may provide electronic copies of any Protected Material to the Education

10  Department in the Federal Detention Center at SeaTac, Washington, along with a completed

11  copy of the FDC's Electronic Discovery and Legal Material Authorization Form.  Defendant

12  will not be permitted to have a copy of this material in his cell, but may review it at the FDC

13  Education Department pursuant to BOP and FDC SeaTac's policies and procedures.

14       3.    Consent to Terms of Protective Order

15       The attorney of record for the Defendant is required, prior to disseminating any copies

16  of the Protected Material to permitted recipients, such as other members of the defense

17  teams, to provide a copy of this Protective Order to those permitted recipients, and to obtain

18  the written consent by those recipients of the terms and conditions of this Protective Order.

19  Such written consent shall not, however, be required with respect to members of the defense

20  teams who are employed by the same office as the attorney of record; in such case, it shall be

21  sufficient for the attorney of record to provide a copy of this Protective Order to such other

22  members of the defense teams and to remind them of their obligations under the Order. The

23  written consent need not be disclosed or produced to the United States unless requested by

24  the United States Attorney's Office for the Western District of Washington and ordered by

25  the Court.

26  ///

27  ///

28  ///

DISCOVERY PROTECTIVE ORDER - 2
U.S. v. GIDEON THOMAS BEWLEY; CR19-009RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

4. **Parties' Reciprocal Discovery Obligations**

Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

5. **Filing of Protected Material**

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

6. **Nontermination**

The provisions of this Order shall not terminate at the conclusion of this prosecution. The provisions of this Order shall terminate only by court order.

7. **Violation of Protective Order**

The defendant is on notice that should he violate the terms of this protection order, the United States reserves the right to seek appropriate relief from the Court.

DATED this 25th day of January, 2019.

Robert S. Lasnik
United States District Judge

Presented by:

s/ J. Tate London
J. TATE LONDON
Assistant United States Attorney

s/ Gregory Geist
GREGORY GEIST
Attorney for Defendant

DISCOVERY PROTECTIVE ORDER - 3
U.S. v. GIDEON THOMAS BEWLEY; CR19-009RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970