The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>GIDEON THOMAS BEWLEY,<br><br>      Defendant. | NO. CR19-009-RSL<br><br>UNITED STATES' SENTENCING MEMORANDUM |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and J. Tate London, Assistant United States Attorney for said District, recommends that the Court sentence defendant Gideon Thomas Bewley ("Defendant") to a term of imprisonment of fifty-seven (57) months, to be followed by a term of supervised release of five (5) years, subject to the standard and special conditions of supervision recommended by the United States Probation Office, and impose restitution, if any, in an amount to be determined at time of sentencing.

## I. FACTUAL BACKGROUND

On January 16, 2019, a grand jury returned a single-count Indictment charging Defendant with Sexual Abuse of a Minor, in violation of 18 U.S.C. § 2243(a). On August 22, 2019, Defendant pleaded guilty as charged. The charge arises from Defendant's repeated sexual abuse of a twelve year-old girl for over a year.

The Plea Agreement contains the following joint statement of facts:

GOVERNMENT'S SENTENCING MEMORANDUM - 1
*U.S. v. Gideon Thomas Bewley,* CR19-009-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

> Defendant is an Indian. He has some quantum of Indian blood and is an enrolled member of the Lummi Nation, a federally-recognized Indian Tribe. Beginning at a time unknown, but believed to be in or before January 2014, and continuing through in or about July 2015, Defendant engaged in sexual acts on multiple occasions, that is, contact between the penis and vulva, with "Jane Doe," a minor female. The sexual abuse occurred both within and in front of his father's residence, on the beach across from the residence, and on a basketball court, with each location being tribal trust land within the Lummi Indian Reservation, Indian Country as defined in Title 18, United States Code, Section 1151, and within the Western District of Washington. Jane Doe was at least 12 years old, but not 16 years old at the time of the sexual abuse, and was at least four years younger than Defendant. Defendant agrees that the evidence would establish that he is at least 10 years older than Jane Doe.

Plea Agreement at 5-6, ¶ 10 (Docket No. 26).

As part of the Plea Agreement, the United States agreed to "recommend that the Court sentence Defendant to a term of imprisonment of not greater than the low end of his advisory sentencing guidelines range as determined by the Court at the time of sentencing." Plea Agreement at 5, ¶ 7. Conversely, Defendant remained free to recommend whatever sentence he deemed to be appropriate. Plea Agreement at 5, ¶ 7. Defendant agreed to waive his right to appeal the sentence imposed by the Court, if that sentence is within or below the sentencing guidelines range as calculated by the Court. Plea Agreement at 7, ¶ 14.

## II. SENTENCING GUIDELINES

### A. Offense Level Computation

The United States concurs with the total offense level computation made by the United States Probation Office (PSR, ¶¶ 14-25). Defendant has a total offense level of twenty-four (24), which the Probation Office calculated as follows: Base offense level of 18 pursuant to USSG § 2A3.2(a); a four-level increase pursuant to USSG § 2A3.2(b)(2)(ii) based on Defendant's presumed unduly influencing the victim to engage in prohibited sexual conduct (presumed based on the more than 10 year age difference between Defendant and Doe); a five-level increase pursuant to USSG § 4B1.5 based on Defendant's pattern of

GOVERNMENT'S SENTENCING MEMORANDUM - 2
U.S. v. Gideon Thomas Bewley, CR19-009-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

activity involving prohibited sexual conduct; and three-level decrease pursuant to USSG § 3E1.1(a) & (b) for acceptance of responsibility.

**B.    Criminal History Score**

The United States concurs with the Probation Office's calculation of Defendant's criminal history score.  Defendant has a criminal history category of II (PSR, ¶¶ 26-30).

**C.    Sentencing Range**

The applicable, advisory sentencing range, as calculated by the Probation Office, is fifty-seven (57) to seventy-one (71) months of imprisonment.

### III. SENTENCING RECOMMENDATION

The United States recommends that the Court sentence Defendant to 57 months of imprisonment, to be followed by a 5-year term of supervised release.  This sentencing recommendation is at the low end of Defendant's advisory guidelines range, and is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).  Such a sentence is appropriate given the surrounding circumstances and the serious nature of his rather egregious criminal conduct, as well as the impact it continues to have on this young victim (as the Probation Office noted, she continues to suffer behaviorally, emotionally and mentally), and will likely have on her for the rest of her life. In a study conducted in San Diego, CA from 1995 to 1997 among 17,337 adult HMO members, childhood sexual abuse "was reported by 16% of males and 25% of females."  Dube, et. al, Long-Term Consequences of Childhood Sexual Abuse by Gender of Victim, (June 2005), http://www.ajpmonline.org/article/S0749-3797(05)00078-4/fulltext?showall=true.  The study found that adults who had experienced childhood sexual abuse were twice as likely to have a history of suicide attempt, had a "40% increased risk of marrying an alcoholic, and a 40% to 50% increased risk of reporting current problems with their marriage" compared to those who reported no sexual abuse.  *Id.* Defendant's criminal conduct warrants a lengthy sentence and period of supervised release.

As set forth in the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), this Court is required to consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in 18 U.S.C.

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*U.S. v. Gideon Thomas Bewley,* CR19-009-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

§ 3553(a), including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established for the offense as set forth in the Guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records; and (7) the need to provide restitution to victims. The United States makes this sentencing recommendation after considering the factors outlined in 18 U.S.C. § 3553(a).

The United States believes that 57 months of imprisonment is sufficient, but not greater than necessary, and reflects the seriousness of the offense conduct, properly promotes respect for the law, provides adequate deterrence to criminal conduct, and considers Defendant's history of alcohol abuse and his personal circumstances. It also recognizes the facts and circumstances of Defendant's offense conduct, including that he ultimately came forward to admit his culpability and to accept full responsibility for his actions. In doing so, Defendant spared his victim the ordeal of testifying regarding Defendant's sexual abuse of her in a courtroom full of strangers.

//
//
//

GOVERNMENT'S SENTENCING MEMORANDUM - 4
U.S. v. Gideon Thomas Bewley, CR19-009-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

## IV.  CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court sentence Defendant to 57 months of imprisonment, followed by five years of supervised release, subject to the standard and special conditions of supervision recommended by the Probation Office.  Such a sentence would meet fully the statutory purposes of sentencing, as set forth in 18 U.S.C. § 3553(a), including consideration of the nature and circumstances of the offense, Defendant's history and characteristics, promoting respect for the law, providing just punishment for the offense, achieving general deterrence, and protecting the public.

DATED this 13th day of November, 2020.

BRIAN T. MORAN
United States Attorney

*s/ J. Tate London*
J. TATE LONDON
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:       (206) 553-7970
Fax:         (206) 553-0882
E-mail:      Tate.London@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 5
*U.S. v. Gideon Thomas Bewley,* CR19-009-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970