1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.  CR 19-009-RSL |
| Plaintiff, | ) | |
| v. | ) | DEFENDANT'S SENTENCING |
| GIDEON BEWLEY, | ) | MEMORANDUM |
| Defendant. | ) | |

Gideon Bewley, through Assistant Federal Public Defender Greg Geist, submits this memorandum for the sentencing set on November 20, 2020. Mr. Bewley has been in custody since he was arrested on December 18, 2018.[1] On the date of the sentencing, he will have served 23 months and 3 days in custody at the Federal Detention Center (FDC), including the past 8 months in custody, during a pandemic, serving on a sanitation crew to help implement the COVID-19 measures within the institution. Mr.

---

[1] Mr. Bewley was arrested and taken into federal custody on January 18, 2019 but, previously, he was held in custody since December 18, 2018 for the same offense charged in Lummi Tribal Court. Therefore, he requests an update to Paragraphs 4 and 36 of the Presentence Investigation Report so the Bureau of Prisons correctly credits the additional month of credit toward Mr. Bewley's sentence.

DEFENDANT'S SENTENCING
MEMORANDUM
(US v. Gideon Bewley; CR19-009RSL)  - 1

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

Bewley requests a 36-month sentence of imprisonment to be followed by 5 years of supervised release.

I.     **Mr. Bewley's alcoholism is not an excuse for his commission of the offenses but, instead, is a reality of his life that requires treatment in the most effective manner.**

A common theme runs through Mr. Bewley's life, which is in no way meant to serve as an excuse for the instant offenses. When he is sober, the 29-year-old Mr. Bewley is a kind and selfless young man. But he is an alcoholic and, when he drinks, he blacks out for significant periods of time (PSR at ¶ 54) and, as exhibited by the instant offenses, makes choices that he would not otherwise make if he maintained sobriety. Again, Mr. Bewley's alcoholism is in no way meant to serve as any kind of excuse and is not meant to rationalize his behavior. Instead, the nature of Mr. Bewley's alcoholism is meant to inform the Court about the nature and circumstances of the offense and to help order specific terms of supervision that will keep the community safe while providing treatment for Mr. Bewley in the most effective manner.

Those who know Mr. Bewley were surprised by his arrest and confession but remain supportive and realistic about Mr. Bewley's struggles. Mr. Bewley's mother was in "disbelief" when she heard that Mr. Bewley committed the offenses and she struggled to make sense of his behavior. Ex. 1 at 1. She knows that Mr. Bewley "can't drink responsibly" and acts completely different when he is sober. Ex. 1 at 1. Similarly, Mr. Bewley's aunt "was taken by surprise and in disbelief" when she learned about the instant charges. Ex. 1 at 2. But Mr. Bewley's aunt is also relieved because she views Mr. Bewley's acceptance of his actions as "a foundation of healing his betrayal" and an opportunity "to establish positive and health(y) boundaries." Ex. 1 at 2-3.

Mr. Bewley's older sister has known that alcoholism has been a problem for Mr. Bewley and she will be there to support him. Ex. 1 at 4. Like others, Mr. Bewley's father was in "disbelief" when he learned about Mr. Bewley's confession to the

DEFENDANT'S SENTENCING
MEMORANDUM
(US v. Gideon Bewley; CR19-009RSL)  - 2

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

offenses. Ex. 1 at 6. Mr. Bewley's father, like Mr. Bewley, "hope(s) and pray(s) that the victim can heal and move forward past this injustice." Ex. 1 at 6. Mr. Bewley's father knows that Mr. Bewley is an alcoholic but he believes Mr. Bewley can learn from his illegal actions and he will have his father's full support moving forward. Ex. 1 at 6.

Mr. Bewley realizes the "pain [he] caused the victim, her family, and [his] family as well." Ex. 2 at 1. Despite his realization that he likely would not have been charged with an offense without confessing, Mr. Bewley decided to give up his rights to remain silent and have a lawyer because of his concern for the victim. Ex. 2. While he clearly wishes he had greater concern for the victim when he committed the offenses against her, he is at a point in his young life where he "know(s) this is all [his] fault" and "just want(s) to do everything [he] can to help while [he] pray(s) for forgiveness." Ex. 2 at 2. He confesses that the "young woman never deserved what [he] did to her." Ex. 2 at 2.

The veracity of Mr. Bewley's shame and statement that he confessed to help the victim is clear. After Mr. Bewley and his counsel reviewed the discovery, Mr. Bewley informed counsel that he believed that he would not have been arrested if he did not confess to the FBI. Still, despite his incarceration at the FDC, Mr. Bewley did not regret his choice to confess to the FBI agents. Instead, Mr. Bewley regretted that he did not confess earlier. His primary concern was the victim's ability to move forward. Mr. Bewley wanted others to recognize that he victimized her and, despite the prior difficulties in her life, he contributed to her problems in a substantial and serious manner. The victim, as well as her family, are justified by their anger and hurt that was caused by Mr. Bewley. But Mr. Bewley's acceptance of responsibility is extraordinary, not only because it recognizes the harm he caused to the victim but because his confession was directly linked to his arrest and prosecution for the instant offenses.

DEFENDANT'S SENTENCING
MEMORANDUM
(US v. Gideon Bewley; CR19-009RSL)  - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

## II.   Mr. Bewley's submission to a polygraph and evaluation is evidence of his willingness to receive sex offense specific treatment, as well as treatment for alcoholism.

During a polygraph session, no deception was indicated when Mr. Bewley was asked if he ever viewed child pornography or engaged in sexual contact with anyone else 14 years or younger since his 18th birthday.[2] Ex. 3 at 1 (sealed). In an effort to "summarize issues regarding Gideon Bewley's sexual behavior" and to "put it in the context of his overall functioning," Mr. Bewley met with a licensed mental health counselor who is certified sex offender treatment provider. Ex. 3 at 1. During the evaluation, Mr. Bewley "reported the longest he had ever abstained from consuming alcohol was 19 days." Ex. 3 at 2. The counselor reported that Mr. Bewley needs sex offense specific treatment but "primarily needs assistance to continue to maintain sobriety relating to alcohol use." Ex. 3 at 2. Despite past interventions, Mr. Bewley has not previously addressed his struggles relating to alcohol use. Ex. 3 at 2. Overall, Mr. Bewley's "ability to stay out of future legal trouble will be strongly connected to whether he remains sober." Ex. 3 at 2.

On supervision and during treatment, Mr. Bewley will be open about his history to help him understand his issues. Additionally, Mr. Bewley is open to the possibility of receiving medication assisted treatment (MAT), such as Vivitrol, while he is still at the FDC and upon his release from custody. Vivitrol "is a once-monthly treatment proven to help reduce heavy drinking dayis in alcohol-dependent patients when used with counseling. Vivitrol and counseling help reinforce recovery for one month at a time while…[working] on the psychological aspects of addiction through counseling."[3]

---

[2] The polygraph question about sexual contact was intended to rule out consensual sexual contact between Mr. Bewley and others who were 15 years or older and in high school with Mr. Bewley.

[3] https://www.vivitrol.com/alcohol-dependence

DEFENDANT'S SENTENCING
MEMORANDUM
(US v. Gideon Bewley; CR19-009RSL)  - 4

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1  Therefore, he requests placement at a facility – as close to Seattle as possible – that will

2  provide MAT and counseling for multiple issues.

3      Unfortunately, there is a strong likelihood that Mr. Bewley will remain at the

4  FDC in SeaTac for a significant period of time due to COVID-19. Starting on

5  November 16, Washington State will implement "constraints on everyday life [that]

6  will be as extreme as anything the state has seen since [Governor] Inslee issued an

7  emergency stay-home order in March."[4] If Mr. Bewley's transportation to another

8  institution is postponed for reasons tied to the pandemic, he will not receive any form of

9  meaningful treatment. Therefore, he requests a sentence that takes the likelihood into

10 account, as well as his contributions on the sanitation crew at the FDC.

11 **III.    Conclusion**

12     Mr. Bewley has support in the community. His family will provide resources for

13 housing and employment. Additionally, they pledge to provide crucial oversight to

14 ensure Mr. Bewley does not drink alcohol. This is by far the longest period of

15 incarceration in Mr. Bewley's young life. A sentence of 36 months provides sufficient

16 deterrence and punishment but the likelihood that it will provide necessary treatment is

17 diminished by the growing pandemic. Therefore, Mr. Bewley requests a 36-month

18 sentence so he may commence treatment for alcoholism and sexual issues within a

19 reasonable period of time and while on supervised release.

20     DATED this 16th day of November, 2020.

21                              Respectfully submitted,

22                              s/ *Gregory Geist*

23                              Assistant Federal Public Defender
                               Attorney for Gideon Bewley

24

25

26 [4] https://www.seattletimes.com/seattle-news/health/gov-inslee-orders-sweeping-restrictions-on-indoor-gatherings-restaurants-bars-gyms-as-covid-19-cases-surge-in-washington-state/

DEFENDANT'S SENTENCING MEMORANDUM
(US v. Gideon Bewley; CR19-009RSL) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**